Granville **AMOS**; Harvey W. **Bloxom**; Michael A. **Holt**; Teddy T. **Jones**; Charles **Madison**; Howard **Megginson**; Boris **Prymeran**; Gary **Ralph**; John **Smith**; Michael Hilman **Smith**; William Lewis **Smith**; Calvin J. **Whiting**; Dennis Brian **Absher**, Plaintiffs—Appellants,

and

**Winfried Lee Rhodes, Plaintiff,**

v.

**MARYLAND DEPT. OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; Roxbury Correctional Institution, Hagerstown, Maryland; Richard Lanham, Sr., in his official capacity as Commissioner, Maryland Division of Correction; John P. Galley, in his official capacity as Warden, Roxbury Correctional Institution;**

---

**Ronald Moats, Warden, Roxbury Correctional Institution; William Smith, Warden, Maryland House of Correction, Defendants—Appellees.**

No. 96–7091.

United States Court of Appeals, Fourth Circuit.

March 6, 2000

### ORDER OF DISMISSAL

Thirteen disabled Maryland state prisoners incarcerated at the Roxbury Correctional Institution (RCI) in Hagerstown, Maryland, brought suit against RCI; the Maryland Department of Public Safety and Correctional Services; Richard Lanham, in his official capacity as the Commissioner of the Maryland Division of Correction; and Jon Galley, in his official capacity as the Warden of RCI. The prisoners alleged violations of Title II of the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act, and the Eighth Amendment. The United States District Court for the District of Maryland granted summary judgment in favor of the defendants. We affirmed, holding in part that the ADA and the Rehabilitation Act did not apply to state prisons. *See Amos v. Maryland Dep't of Pub. Safety & Correctional Servs.*, 126 F.3d 589 (4th Cir.1997) (*Amos I*). The prisoners petitioned the Supreme Court of the United States for certiorari. The Supreme Court granted certiorari, and vacated and remanded the case to this Court for further consideration in light of its decision in *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). *See Amos v. Maryland Dep't of Pub. Safety & Correctional Servs.*, 524 U.S. 935, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). On remand, this Court considered the constitutionality of the application of the ADA and the Rehabilitation Act to state prisons. *See Amos v. Maryland Dep't of Pub. Safety & Correctional Servs.*, 178 F.3d 212, 215 (4th Cir.1999) (*Amos II*). A majority of the *Amos II* panel held that the application of the ADA and the Rehabilitation Act to state prisons was a constitutional exercise of Congress's Fourteenth Amendment enforcement powers and that Eleventh Amendment immunity was not available to the State. *See id.* at 222–23. After a majority of the active judges of this Court voted to grant the Maryland Department of Public Safety and Correctional Services's, et. al., petition for rehearing en banc, we vacated the *Amos II* judgment. Oral argument before the en banc panel of this Court was scheduled for Tuesday, February 29, 2000. On Thursday, February 24, 2000, the parties in the case reached a settlement and, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, agreed to a dismissal of the case with each party bearing its own costs.

We accept the parties' stipulation of dismissal and it is hereby ordered that this case is dismissed.

*DISMISSED*